1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANLIN,<br><br>               Plaintiff,<br><br>          v.<br><br>I. MIJARES, et al.,<br><br>               Defendants. | Case No. CV 22-5478 CBM (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND**<br><br>**FRCP 41**     JS-6 |

The Court dismisses this action for failure to state a claim upon which relief may be granted.

* * *

1.      This is a <u>pro se</u> prisoner civil rights action.  Plaintiff's original complaint alleged that several correctional officers at Plaintiff's prison "retaliated" against him when Plaintiff refused to accept a transfer to a cell with a cellmate.  Plaintiff contended that he was placed in detention because of "previous complaints he brought against numerous officers." (Docket # 3 at 6-7.)

1    2.    Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, Magistrate Judge

2  Wilner screened the complaint.  Judge Wilner concluded that Plaintiff

3  failed to state a plausible cause of action against any of the officers.

4  Notably, the complaint alleged no facts from which to infer that any of the

5  guards knew of his previous lawsuits or grievances, or that they put

6  Plaintiff in the SHU because of them.  (Docket # 9 at 1-3.)  As a result,

7  Plaintiff failed to properly plead the elements of a First Amendment

8  retaliation claim.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-568 (9th Cir.

9  2005) (retaliation cause of action includes element that a state actor took

10  adverse action against prisoner "because of" her/his protected conduct);

11  <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009) (same).

12    3.    Additionally, to the extent that Plaintiff contended that the

13  guards retaliated against him because of his single-cell status, that was not

14  enough to support a legitimate Section 1983 claim.  The First Amendment

15  of the U.S. Constitution does not include a right to a prison cell without a

16  roommate, so an adverse action from prison staff could not have violated

17  Plaintiff's civil rights.  <u>Entler v. Gregoire</u>, 872 F.3d 1031, 1039 (9th Cir.

18  2017).

19    4.    Judge Wilner's screening order gave Plaintiff leave to amend

20  his complaint.  (Docket # 9.)  Plaintiff subsequently filed his First Amended

21  Complaint.  (Docket # 14.)  However, the FAC pled even fewer relevant

22  facts about Plaintiff's claim.  Notably, Plaintiff admitted that he threatened

23  to file a grievance against the guards <u>after</u> he refused the housing

24  assignment and they put him in detention.  From this, Judge Wilner

25  observed that "the face of the [amended] complaint shows that the guards

26  didn't retaliate against Plaintiff based on his grievances" filed before the

27  incident.  (Docket # 15.)

28

5.      Judge Wilner again dismissed the pleading with leave to amend.  In response, Plaintiff candidly wrote to the Court to state that "there is nothing additional[ ] Plaintiff could add" to his claim.  (Docket # 16 at 1.)  Plaintiff – an experienced prison-based litigant who has filed over a dozen civil actions in this district to date – declined to amend his complaint further.  He merely stated his belief that the guards' "arbitrary actions for complaining about prison conditions" violated his rights.[1]  (Id.)

* * *

6.      Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal also may be ordered by the Court sua sponte.  Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

7.      Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document.  Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017).  Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule.  Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

---

[1]      The events that are the subject of this lawsuit occurred in April 2018.  (Docket # 3 at 5.)  Plaintiff did not commence this federal action until August 2022.  As the state attorney general argues in a parallel action that Judge Wilner served on the defense (Franklin v. Aguirre, No. CV 22-5479 CBM (MRW) (C.D. Cal.)), Plaintiff is serving a life sentence and is not eligible for statutory tolling of the limitations period under CCP § 352.1(a).  From this, it is highly likely that Plaintiff's action is untimely as a matter of law under the two-year statute of limitations applicable to civil rights actions in California.

However, because this issue was not raised in the screening orders in this action, the Court declines to address the untimeliness of Plaintiff's action in denying leave to amend the complaint further.

3

8.     Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants.  Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

9.     In the present action, the Court finds dismissal of the action without leave to amend is appropriate.  Plaintiff failed to file a proper complaint against these defendants after receiving two detailed explanations of the defects from the magistrate judge.  Plaintiff's refusal or inability to file a plausible complaint against these parties in light of the court's warnings demonstrates that he has no interest in advancing his action here.

10.    By contrast, the Court, the defense, and the public have a strong interest in terminating this action.  This is particularly true given that Plaintiff has not stated a legitimate cause of action (despite several opportunities to do so), thereby preventing any feasible advancement of the case.  Furthermore, no sanction short of dismissal will be effective in moving this case forward.  Carey, 856 F.2d at 1440.  The Court finds that dismissal is appropriate under Rule 41(b).  Applied Underwriters, 913 F.3d at 892.

1      11.    Therefore, the present action is DISMISSED without leave to

2  amend.

3      IT IS SO ORDERED.

4

5

6  Dated: FEBRUARY 23, 2023    _____

7                                                        HON. CONSUELO B. MARSHALL
                                                          SENIOR U.S. DISTRICT JUDGE

8

9  Presented by:

10

11

12  _____

13  HON. MICHAEL R. WILNER
    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28